No. 24-11201-AA

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

GINO ADAMSON,

*Plaintiff-Appellant*,

---v.---

CITY OF BIRMINGHAM,

*Defendant-Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
CASE NO. 2:21-cv-00902-AMM

---

BRIEF FOR DEFENDANT-APPELLEE CITY OF BIRMINGHAM

---

Samantha A. Chandler
Assistant City Attorney
City of Birmingham
Office of the City Attorney
710 North 20th Street, Room 600
Birmingham, Alabama 35203
Telephone: (205) 254-2369
samantha.chandler@birminghamal.gov
*Counsel for Defendant-Appellee*

*Adamson v. City of Birmingham*

*Case No. 24-11201-F*

## <u>CERTIFICATE OF INTERESTED PERSONS AND<br>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1 and CTA11 Rule 26.1-1, Defendant-Appellee the City of Birmingham furnishes the following Certificate of Interested Persons and Corporate Disclosure Statement.

Adamson, Gino, Appellant

Chandler, Samantha A., Attorney for Appellee

City of Birmingham, Appellee

Manasco, Hon. Anna M., U.S. Magistrate, Northern District of Alabama

Morro Law Center, LLC

Morro, Scott T., Attorney for Appellant

Morro, Zachary Scott, Attorney for Appellant

Pursuant to Fed. R. App. P. 26.1 and CTA11 Rule 26.1-1, Defendant-Appellee certifies that the certificate of interested persons contained in the Defendant-Appellee's brief is complete.

/s/Samantha A. Chandler
Assistant City Attorney
*Counsel for Defendant-Appellee*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to Fed. R. App. P. 34(a)(2) and CTA11 Rule 28-1(c), Appellee respectfully submits that oral argument will assist the Court in resolving this appeal.

This appeal presents important questions concerning whether this Court will expand the meaning of the causation standard in disability discrimination claims and the but-for standard in retaliation claims. Oral argument would allow the Court to clarify its understanding of the facts and explore the Plaintiff-Appellant's contentions in greater detail.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT — C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT — i

TABLE OF CONTENTS — ii, iii

TABLE OF CITATIONS — iv, v, vi

STATEMENT REGARDING THE ADOPTION OF OTHER PARTIES' BRIEF — 1

STATEMENT OF THE ISSUES — 1

SUMMARY OF THE ARGUMENT — 1

ARGUMENT — 2

I.    PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF DISABILITY DISCRIMINATION UNDER THE ADA BECAUSE HE COULD NOT ESTABLISH CAUSATION FOR A DISPARATE TREATMENT CLAIM AND BECAUSE HE FAILED TO ESTABLISH THAT HE WAS DENIED ANY REASONABLE ACCOMMODATION FOR A FAILURE TO ACCOMMODATE CLAIM. — 2

  A. DISPARATE TREATMENT — 2

  B. FAILURE TO ACCOMMODATE — 7

II.    PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF RACE DISCRIMINATION UNDER TITLE VII BY FAILING TO ESTABLISH A VALID COMPARATOR UNDER THE MCDONNELL DOUGLAS BURDEN SHIFTING FRAMEWORK AND FAILED TO ESTABLISH DISCRIMINATORY INTENT UNDER THE CONVINCING MOSAIC STANDARD. — 11

III.    PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF RETALIATION BY FAILING TO ESTABLISH BUT-FOR CAUSATION. — 16

IV. PLAINTIFF-APPELLANT ABANDONED HIS TITLE
VII AND/OR ADA HOSTILE WORK ENVIRONMENT
CLAIM BY FAILING TO RAISE IT AT THE SUMMARY
JUDGMENT STAGE.                                                         22

CONCLUSION                                                             23

CERTIFICATE OF COMPLIANCE                                             24

CERTIFICATE OF SERVICE                                                25

## TABLE OF CITATIONS

Cases                                                                                                Page(s)

*Access Now, Inc. v. Sw. Airlines Co.*,
   385 F.3d 1324 (11th Cir. 2004)................................................................ 22

*Alvarez v. Royal Atl. Devs., Inc.*,
   610 F.3d 1253 (11th Cir. 2010)............................................................ 3, 6

*Baker v. Alabama Dep't of Pub. Safety*,
   296 F. Supp. 2d 1299 (M.D. Ala. 2003) ............................................. 15

*Brown v. Alabama Dep't of Transp.*,
   597 F.3d 1160 (11th Cir. 2010)...................................................... 17, 20

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ................................................................ 13, 17, 21

*Chapman v. AI Transp.*,
   229 F.3d 1012 (11th Cir. 2000)...................................................... 3, 6, 7

*Cleveland v. Home Shopping Network, Inc.*,
   369 F.3d 1189 (11th Cir. 2004)............................................................ 3

*Combs v. Plantation Patterns*,
   106 F.3d 1519 (11th Cir. 1997)........................................................ 3, 7

*Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*,
   47 F.3d 1068 (11th Cir. 1995)........................................................... 15

*Devine v. Thalhimers*,
   977 F.2d 572 (4th Cir. 1992).............................................................. 5

*Doe v. Dekalb Cnty. Sch. Dist.*,
   145 F.3d 1441 (11th Cir. 1998)........................................................... 5

*D'Onofrio v. Costco Wholesale Corp.*,
   964 F.3d 1014 (11th Cir. 2020)....................................................... 8, 10

*Fils v. City of Aventura*,
   647 F.3d 1272 (11th Cir. 2011)......................................................... 22

*Frazier-White v. Gee*,
   818 F.3d 1249 (11th Cir. 2016)......................................................... 10

*Gaston v. Bellingrath Gardens & Home, Inc.*,
   167 F.3d 1361 (11th Cir. 1999)......................................................... 10

*Harris v. Marietta City Sch. Dist.*,
   820 F. App'x 951 (11th Cir. 2020)................................................ 12, 22

*Hazen Paper Co. v. Biggins*,
   507 U.S. 604 (1993) ......................................................................... 13

*Hill v. Branch Banking & Tr. Co.*,
   264 F. Supp. 3d 1247 (N.D. Ala. 2017) ........................................... 21

*Holifield v. Reno*,
  115 F.3d 1555 (11th Cir. 1997)......................................................... 13
*Hooper v. State of Md., Dep't of Hum.*,
  45 F.3d 426 (4th Cir. 1995)............................................................... 5
*Hopkins v. Sam's W., Inc.*,
  216 F. Supp. 3d 1322 (N.D. Ala. 2016) ........................................... 18
*Jefferson v. Sewon Am., Inc.*,
  891 F.3d 911 (11th Cir. 2018)......................................................... 17
*Jenkins v. Nell*,
  26 F.4th 1243 (11th Cir. 2022) ....................................................... 16
*Jolly-Castello v. Gwinnett Health Sys.*,
  376 F. App'x 916 (11th Cir. 2010)................................................... 12
*L.E. by & Through Cavorley v. Superintendent of Cobb Cnty. Sch. Dist.*,
  55 F.4th 1296 (11th Cir. 2022) ......................................................... 2
*Lewis v. City of Union City, Georgia*,
  918 F.3d 1213 (11th Cir. 2019)....................................................... 13
*Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*,
  342 F.3d 1281 (11th Cir. 2003)....................................................... 13
*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ....................................................................... 13
*Muldrow v. City of St. Louis, Missouri*,
  144 S. Ct. 967 (2024) ....................................................................... 4
*Quick v. Tripp, Scott, Conklin & Smith, P.A.*,
  43 F. Supp. 2d 1357 (S.D. Fla. 1999) ............................................... 3
*Regions Bank v. Legal Outsource PA*,
  936 F.3d 1184 (11th Cir. 2019)....................................................... 11
*Resol. Tr. Corp. v. Dunmar Corp.*,
  43 F.3d 587 (11th Cir. 1995) .......................................................... 22
*Sapuppo v. Allstate Floridian Ins. Co.*,
  739 F.3d 678 (11th Cir. 2014)......................................................... 12
*Silvera v. Orange Cnty. Sch. Bd.*,
  244 F.3d 1253 (11th Cir. 2001)....................................................... 14
*St. Mary's Honor Ctr. v. Hicks*,
  509 U.S. 502 (1993) ..................................................................... 3, 6
*Stewart v. Bd. of Trustees of Kemper Cnty. Sch. Dist.*,
  585 F.2d 1285 (5th Cir. 1978).......................................................... 5
*Summerlin v. M&H Valve Co.*,
  167 F. App'x 93 (11th Cir. 2006) .................................................... 21

v

*Todd v. Fayette Cnty. Sch. Dist.*,
  998 F.3d 1203 (11th Cir. 2021)................................................................. 16, 17
*Ward v. United Parcel Serv.*,
  580 F. App'x 735 (11th Cir. 2014) ............................................................ 3
*Yelling v. St. Vincent's Health Sys.*,
  82 F.4th 1329 (11th Cir. 2023) .................................................................. 17

Rules

CTA11 Rule 26.1-1 ................................................................................... 3
CTA11 Rule 28-1(c) ................................................................................. 1
Fed. R. App. P. 26.1 ................................................................................. 3
Fed. R. App. P. 32(a)(5) ........................................................................... 24
Fed. R. App. P. 32(a)(6) ........................................................................... 24
Fed. R. App. P. 32(a)(7)(B) ...................................................................... 24
Fed. R. App. P. 32(f) ................................................................................ 24
Fed. R. App. P. 34(a)(2) ........................................................................... 1

## STATEMENT REGARDING ADOPTION OF OTHER PARTY'S BRIEF

The Defendant-Appellee adopts the Statement of Jurisdiction, the Standard of Review, and the Statement of the Case from the Plaintiff-Appellant's brief.

## STATEMENT OF THE ISSUES

I.    Did the District Court err in granting summary judgment for Plaintiff-Appellant's ADA Discrimination Claim based on failure to accommodate and disparate treatment?

II.   Did the District Court err in granting summary judgment for Plaintiff-Appellant's ADA and Title VII Retaliation Claims?

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's judgment because it applied the correct standards and rules of law when it dismissed Plaintiff-Appellant's claims at the summary judgment stage. Plaintiff-Appellant failed to establish a prima facie case of disability discrimination under the ADA because he could not establish causation for a disparate treatment claim and because he failed to establish that he was denied any reasonable accommodation for a failure to accommodate claim. He also failed to establish a prima facie case of race discrimination under Title VII by failing to establish a valid comparator under the *McDonnell Douglas* burden shifting

framework and failed to establish discriminatory intent under the convincing mosaic standard. Mr. Adamson also failed to establish a prima facie case of retaliation by failing to establish but-for causation. Finally, he abandoned his hostile work environment claim by failing to raise it at the summary judgment stage. Therefore, the District Court's dismissal of these claims should be affirmed.

## ARGUMENT

**I.     PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF DISABILITY DISCRIMINATION UNDER THE ADA BECAUSE HE COULD NOT ESTABLISH CAUSATION FOR A DISPARATE TREATMENT CLAIM AND BECAUSE HE FAILED TO ESTABLISH THAT HE WAS DENIED ANY REASONABLE ACCOMMODATION FOR A FAILURE TO ACCOMMODATE CLAIM.**

The District Court analyzed Plaintiff's ADA discrimination claim under both the *McDonnell Douglas* burden-shifting analysis for a disparate treatment claim and a failure to accommodate claim, both of which were ultimately correctly dismissed. "[T]here are two distinct categories of disability discrimination claims under the ADA—failure to accommodate and disparate treatment . . . ." *L.E. by & Through Cavorley v. Superintendent of Cobb Cnty. Sch. Dist.*, 55 F.4th 1296, 1302 (11th Cir. 2022).

### A. DISPARATE TREATMENT

For disparate treatment claims under the ADA, "[t]o establish a prima facie case, a plaintiff may show that (1) he was disabled, (2) he was qualified to perform

the job, and (3) he was subjected to an adverse employment action because of his disability." *Ward v. United Parcel Serv.*, 580 F. App'x 735, 740 (11th Cir. 2014) (citing *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004)). Once the employee's prima facie burden is established, the employer's "burden on rebuttal is to produce a legitimate, nondiscriminatory reason for the challenged employment decision ... [t]his burden is merely one of production, not persuasion, and is exceedingly light." *Quick v. Tripp, Scott, Conklin & Smith, P.A.*, 43 F. Supp. 2d 1357, 1364 (S.D. Fla. 1999). If the defendant articulates a reason, the presumption of discrimination is eliminated and the plaintiff must prove that the reason is mere pretext for discrimination. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997)). "A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). "To show pretext, [the plaintiff] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010) (cleaned up).

Plaintiff-Appellant asserts that he suffered adverse employment actions when he was: (1) reassigned to the jail; (2) not allowed to leave the jail while on duty at the jail; (3) not given the same off-days as other police officers assigned to the jail; and (4) not returned all the hours of personal leave he took in May 2020. Doc. 30, pg. 17 citing Doc. 29, pp. 12–14. The District Court found that Mr. Adamson cited, "no evidence that would allow a reasonable jury to find that the City took those allegedly adverse actions because of his disability." Doc. 30, pg. 17.

Plaintiff-Appellant misrepresents to this Court that he requested to wear a face shield *while remaining on patrol*. Appellant's Brief, Doc. 15, pg. 19. The only fact in the record is that he stated at his deposition that he intended for his ADA Request be interpreted that he be permitted to remain on patrol while also wearing only a face shield. Doc. 29 pp. 11–12. However, nothing in his ADA Request form and nothing in the communication with his legal representative related to his accommodations ever so-much as mentioned remaining on patrol. Further, when he was specifically told, via his legal representative, that the accommodation offered to him was wearing a face shield *along with a reassignment away from patrol*, he did not provide any protest, and instead simply returned to work in his new assignment. Doc. 24-2, VM Depo pg. 46:1-17; 47:8-23; pg. 105.

Next, Plaintiff-Appellant's loss of prestige argument must, again, fail. The recently decided *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967 (2024), case that was cited was easily distinguishable because it is a Title VII sex discrimination case, not based on a disability. Further, in that case the Plaintiff established that the forced transfer (i.e., not requested by her doctor, like in the current case) was detrimental because of a number of established facts, none of which have been established in the present case. Another ignored point in Plaintiff-Appellant's argument is that the ADA does not require an employer to accommodate a disability that may risk the health or safety of the employer or employees. An employer can deny employment to an individual when that individual's own health or safety may be threatened. At the time, the EEOC declared that the COVID-19 pandemic met the direct threat standard.[1] But, the biggest distinguishing factor is that in Plaintiff-Appellant's case, this was not a forced transfer, but something that his own doctor suggested and was initiated when he requested accommodations. This Court has ruled that if a transfer or reassignment is voluntary and occurred as a result of the employee's own request, then the transfer or reassignment cannot be because of a disability. See *Doe v.*

---

[1] *See* EQUAL EMP'T OPPORTUNITY COMM'N, EEOC-NVTA-2009-3, PANDEMIC PREPAREDNESS IN THE WORKPLACE AND THE AMERICANS WITH DISABILITIES ACT (Mar. 21, 2020), https://www.eeoc.gov/laws/guidance/pandemic-preparedness-workplace-and-americans-disabilities-act

*Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1454 (11th Cir. 1998); *Cf. Stewart v. Bd. of Trustees of Kemper Cnty. Sch. Dist.*, 585 F.2d 1285, 1289 (5th Cir. 1978) (voluntary transfer not unlawful under Title VII); *Hooper v. State of Md., Dep't of Hum. Res.*, 45 F.3d 426 (4th Cir. 1995); *Devine v. Thalhimers*, 977 F.2d 572 (4th Cir. 1992). As in this case, the reassignment to the jail only occurred because of Plaintiff-Appellant's accommodation request and it was done with his voluntary acceptance of the proposed reasonable accommodation presented to him. Therefore, Plaintiff-Appellant's loss of prestige argument must fail.

Plaintiff-Appellant's argument that he established pretext because he interacted with other people during his assignment to the jail is irrelevant to the facts of the case. Appellant's Brief, Doc. 15, pp. 22-26. The District Court found that this argument does not make the City's proffered reason inconsistent or incoherent and it "simply quarrel[s] with the wisdom of that reason," which is insufficient to survive summary judgment. Doc. 30, pp. 28-19 citing . Doc. 29, pg. 14 and *Alvarez*, 610 F.3d at 1266. Further, a reason is not pretext for discrimination unless Plaintiff-Appellant can show both that it was false and that discrimination was the real reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (citing *St. Mary's Honor Center*, 509 U.S. at 515). Plaintiff-Appellant has certainly failed on the second element.

Mr. Adamson attempts to argue in the same breath that he should have been allowed to remain on patrol and also should have been assigned to another desk duty job. Appellant's Brief, Doc. 15, pp. 24-25. Once again, neither possibility was ever suggested by him during the interactive process. Mr. Adamson also complains about receiving "less favorable off-days", however, he offers no case law to support different assigned off-days could constitute an adverse employment action. Further, the record shows that off days were intended to be "similar to what [he] had in patrol." Doc. 24-1 at 45. The District Court found that Plaintiff-Appellant cited no evidence that this proffered reason was false, nor that the real reason was discriminatory. Doc. 30, pp. 19-20. Further, not receiving his preferred accommodation does not mean that he was not accommodated or that the proffered accommodation equates to an adverse employment action.

If the plaintiff fails to proffer sufficient evidence to create a genuine issue of material fact as to whether each of the defendant's proffered reasons is pretextual, the defendant is entitled to summary judgment. *Chapman*, 229 F.3d at 1024–25 (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997)). Plaintiff-Appellant has failed to offer any material fact that proves that Defendant-Appellee's reasons were pretextual, therefore Defendant-Appellee was entitled to summary judgment and the District Court's opinion must be affirmed.

### B. FAILURE TO ACCOMMODATE

Plaintiff-Appellant also must fail under a failure to accommodate theory, because he was ultimately accommodated at every turn. Plaintiff-Appellant himself stated in his ADA Reasonable Accommodation Request form that he wished to "not be forced to wear a mask," but "possibly to wear a face shield." Doc. 24-1 at 191. His own doctor, Dr. Boylan, suggested that the City could accommodate this request by "trying different protective equipment such as a face shield" or "moving [Mr. Adamson] to a 'desk job' where he would be allowed to work without a mask." *Id.* at 188. The District Court found that the City adopted all of the requests and suggestions of Plaintiff-Appellant and his doctor by reassigning Mr. Adamson to the jail where he was permitted to wear a face shield in lieu of a face mask. Doc. 30, pg. 14 citing Doc. 24-1, pp. 41 and 46. Later, in his deposition for this lawsuit, Mr. Adamson attempted to say that, "his ADA Request for Reasonable Accommodation was intended to be a request that [he] wear a face shield (instead of a mask) and that [he] remain in his role as a patrol officer." Doc. 29 pp. 11–12. However, that is not the suggestion his doctor made, by suggesting he be moved to a desk job. Remaining in patrol is also not a suggestion or request that Plaintiff-Appellant made during the interactive process, rather it is his buyer's remorse months later. The District Court correctly pointed out that, "the City was not required to provide his 'preferred accommodation'" and that no reasonable jury could find that when the City reassigned Mr. Adamson to the jail it failed to

8

reasonably accommodate his disability. Doc. 30, pg. 14 citing *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020).

Plaintiff-Appellant states that because he (allegedly) provided evidence, "showing reassignment to the jail constituted an adverse employment action" that means that it was not a "reasonable accommodation." Appellant's Brief, Doc. 15, pp. 17-18. First, Plaintiff-Appellant did not show that a reassignment to the jail constituted an adverse employment action. Second, his argument inherently misunderstands and conflates the two distinct ADA claims: disparate treatment and failure to accommodate. Third, and most importantly, because the City engaged in the interactive process in good faith and agreed to the reasonable accommodations requested in good faith to allow this disability discrimination claim to stand would be to put employers in the impossible situation of not granting reasonable accommodations for fear of an employee later changing their mind and bringing legal action at a later date. Plaintiff-Appellant failed to present any evidence that his reassignment, or any other action, was because of his disability and not because he specifically requested the actions. Doc. 30, pg. 17.

Ultimately, Adamson presented a doctor's note suggesting he be permitted to wear a face shield, in lieu of a mask, and potentially be reassigned to a desk assignment. Doc. 24-1, pg. 188. Plaintiff-Appellant, through his legal representative, Liz Young, was offered accommodation of wearing a face shield

along with a temporary reassignment away from patrol. Doc. 24-2, VM Depo pg. 46:1-17; 47:8-23; pg. 105. By returning to work, Plaintiff-Appellant accepted the offered accommodations. He was permitted to wear a face shield and he was reassigned to the intake desk at the jail, which was a more controlled environment than being on a patrol where an Officer would regularly enter unknown businesses and residences. Then, Adamson had buyer's remorse and attempted after the fact to paint the reassignment as an adverse employment action, and not something that he requested and agreed to in the first place.

The only so-called "accommodation" that Plaintiff-Appellant could name was a preference that he voiced for the first time after he had voluntarily quit his employment with the City. First, an employer is not required to provide an employee's preferred accommodation, as cited by the District Court. Doc. 30, pg. 14 citing *D'Onofrio*, 964 F.3d at 1022. Second, the burden of identifying an accommodation and demonstrating its reasonableness lies with the employee. *Frazier-White v. Gee*, 818 F.3d 1249, 1255–56 (11th Cir. 2016). Finally, an employer's "duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir. 1999) Plaintiff-Appellant never made a request to remain in patrol, and did not voice any complaints when offered a reassignment that permitted a face shield in lieu of a

10

face mask. Even if he had, the City was not under any obligation to choose Mr. Adamson's preferred accommodation. Regardless, Plaintiff-Appellant was granted every single accommodation that he and his doctor suggested and no reasonable finder of fact could conclude that the City of Birmingham failed to accommodate him. As such, the District Court's decision should be affirmed and Plaintiff-Appellant's ADA disability discrimination claim must be dismissed.

## II.    PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF RACE DISCRIMINATION UNDER TITLE VII BY FAILING TO ESTABLISH A VALID COMPARATOR UNDER THE *MCDONNELL DOUGLAS* BURDEN SHIFTING FRAMEWORK AND FAILED TO ESTABLISH DISCRIMINATORY INTENT UNDER THE CONVINCING MOSAIC STANDARD.

The District Court analyzed Plaintiff's Title VII race discrimination claim under both the *McDonnell Douglas* burden-shifting analysis and the convincing mosaic theory and ultimately dismissed this claim, a decision which should be affirmed now.

First, Plaintiff-Appellant included a very cursory argument in the body of his brief for the dismissal of his Title VII race discrimination claim, but failed to identify this as an issue for appeal in his "Statement of the Issues" or "Summary of the Argument". See Doc. 15, Appellant's Brief. The plaintiff's failure to specifically identify his Title VII race discrimination claim for dismissal as an issue in the "Statement of the Issues" or "Summary of the Argument" sections of

his appellate brief should constitute abandonment of that claim on appeal. This principle is consistently upheld in the Eleventh Circuit, where issues not explicitly raised and prominently argued in an appellate brief are deemed abandoned. See *Regions Bank v. Legal Outsource PA*, 936 F.3d 1184 (11th Cir. 2019) (where the court emphasized that merely passing references in an opening brief are insufficient to preserve an argument on appeal, and detailed factual and legal argumentation is crucial); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678 (11th Cir. 2014) (failing to clearly and prominently raise an issue in the appellate brief, particularly by not devoting a discrete section to the claims, leads to the consideration of the issue as abandoned); and *Harris v. Marietta City Sch. Dist.*, 820 F. App'x 951 (11th Cir. 2020) (ADA and Title VII claims were deemed abandoned where the where plaintiff failed to set forth any substantive arguments or evidence supporting these claims in his opening appellate brief). Even if a cursory argument is included in the body of the brief, it does not suffice to preserve the issue for appeal unless it is plainly and prominently argued. *See Jolly-Castello v. Gwinnett Health Sys.*, 376 F. App'x 916, 919–20 (11th Cir. 2010) (holding mention of an issue in the Statement of the Case section, but failing to make arguments or statements in remainder of brief is insufficient to raise a claim for appeal). As such, Plaintiff-Appellant's race discrimination claim should be considered waived due to the lack of specific and prominent argumentation in his

12

appellate brief. Out of an abundance of caution and in the alternative, Defendant-Appellee addresses the substance of the Title VII race discrimination claim here as well.

Plaintiff-Appellant failed to establish a prima facie case of race discrimination under the *McDonnell Douglas* burden-shifting analysis because he failed to establish a valid comparator. Under *McDonnell Douglas*, a plaintiff first must establish a prima facie case by presenting evidence that (1) he is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees outside of his class more favorably; and (4) he was qualified to do the job. *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993)). A valid comparator is critical in this analysis.

To succeed on the third prong of the prima facie case, Plaintiff must produce evidence that Defendant treated similarly situated employees outside of his protected class more favorably than his. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997), *abrogated by Lewis v. City of Union City, Georgia*, 918 F.3d 1213 (11th Cir. 2019), abrogated on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). This Circuit has clarified how one can meet

13

this standard: A plaintiff must establish that the comparator (1) "will have engaged in the same basic conduct (or misconduct) as the plaintiff;" (2) "will have been subject to the same employment policy, guidelines, or rule as the plaintiff;" (3) "will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff;" and (4) "will share the plaintiff's employment or disciplinary history." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1227–28 (11th Cir. 2019). Further, this Circuit has also established that in determining whether employees are similarly situated for purposes of establishing a prima facie case, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct..." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001) (citations and quotations omitted).

In his brief, Plaintiff-Appellant argues that he, "testified about the numerous other black patrol officers who were not disciplined or reassigned for failing to wear a mask," identified two black officers who were not "disciplined" for not wearing a face mask at roll call, and had supervisors that were black. Appellant's Brief Doc. 15, pg. 27 citing Doc. 24-1 at pp. 69, 75, and 53. The District Court specifically found that the photographs he presented of several officers, including both black and white officers, not wearing face masks was insufficient to establish a valid comparator because they do not show the officers engaged in the same conduct as the Plaintiff. Doc. 30, pg. 23. The District Court also extended this

reasoning to the two black officers, Officer Reese and Officer Hunt, that the Plaintiff-Appellant put forth as comparators. *Id.* Ultimately, Plaintiff-Appellant ignores the Defendant-Appellee and the District Court's position that presenting evidence that both black and white officers not wearing face masks at various points is insufficient to establish a valid comparator. A comparator must engage in substantially similar behavior, which in this case would be refusing to wear a face mask in a hospital at the height of COVID-19 and requesting an accommodation related to face masks.

Simply put, Plaintiff-Appellant has not established that there is similar conduct because he cannot establish that any other employee requested an accommodation to not wear a face mask at the height of the COVID-19 pandemic. "If a plaintiff fails to show the existence of a similarly-situated employee, summary judgment is appropriate where no other evidence of discrimination is present." *Baker v. Alabama Dep't of Pub. Safety*, 296 F. Supp. 2d 1299, 1306 (M.D. Ala. 2003) citing *Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995). Plaintiff has failed to prove evidence of a similarly situated employee and has ultimately failed to establish a prima facie case of race discrimination.

Next, even though Plaintiff-Appellant does not provide a substantive argument under the convincing mosaic theory (and only includes one mention of

15

the theory in a single citation) the District Court, nevertheless, analyzed his race discrimination claim under this theory. Doc. 29, pg. 18; Doc. 30, pp. 24-25. Once again, Plaintiff-Appellant came up short. "A plaintiff may establish a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022).

The District Court found that, "Mr. Adamson cannot establish that the City's proffered reasons for reassigning him to the jail, limiting his movements to the jail, giving him different off-days, and not returning all his hours of personal leave were pretextual." Doc. 30, pg. 24. Further, all but one of Plaintiff-Appellant's supervisors being black cannot be enough alone to establish discriminatory intent. *Id.* The record reflects that other white officers, like Plaintiff-Appellant, were not subject to the same so-called adverse actions, even when they reported directly to the same black chain of command. *Id.* Plaintiff-Appellant has offered nothing to counter this caselaw or line of reasoning and the dismissal of his race discrimination claims should be affirmed.

### III.    PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF RETALIATION BY FAILING TO ESTABLISH BUT-FOR

**CAUSATION.**

ADA and Title VII retaliation claims are analyzed under the same *McDonnell Douglas* burden-shifting analysis, therefore Plaintiff-Appellant's retaliation claims will be addressed here together. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021).

"To establish a prima facie case of retaliation, [the plaintiff] must show (1) [he] participated in conduct that the statute protects; (2) [he] suffered an adverse employment action; and (3) the protected conduct and the adverse employment action are causally related." *Id.* "[T]he employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co.*, 548 U.S. at 57. Further, the plaintiff "must show that [his] protected activity was a but-for cause of the alleged adverse action." *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1338 (11th Cir. 2023) (cleaned up). "The but-for standard asks whether a particular outcome would not have happened 'but for' the purported cause." *Id.* (cleaned up). The undisputed protected activities that Mr. Adamson engaged in for purposes of this case were requesting accommodations and filing an EEOC Charge, however, he was unable to establish a causal connection for either.

Evidence of temporal proximity between the protected activity and the adverse employment action can establish causation. *Brown v. Alabama Dep't of*

*Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010). But "mere temporal proximity, without more, must be very close to suggest causation." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 926 (11th Cir. 2018) (cleaned up). "Even a three-month interval between the protected expression and the employment action . . . is too long." *Brown*, 597 F.3d at 1182.

After he requested accommodations, Plaintiff-Appellant alleged that he "immediately" suffered adverse employment actions. Doc. 29, pg. 16. However, the District Court found that, "[t]emporal proximity particularly lacks probative value of pretext in this case because the City's proffered reason for the reassignment was to grant, not deny, reasonable accommodation." Doc. 30, pp. 27-28. Plaintiff-Appellant's only argument relating to this is that he believes that he "presented enough evidence at summary judgment to create a genuine dispute as to whether or not the City's stated reasons for reassigning Adamson to the jail were pretextual." Appellant's Brief, Doc. 15, pg. 31. This argument completely side steps the causation element of the *prima facie* elements of retaliation. Causation is a prima facie element that is required to be proven by the plaintiff before the pretext argument is performed. Plaintiff-Appellant never established the prima facie case of retaliation, so there was no need to look to pretext.

Plaintiff-Appellant's argument that he suffered retaliation for requesting reasonable accommodations under the ADA is challenged by the fact that temporal

18

proximity alone is generally insufficient to establish a prima facie case of retaliation when an employer provides a legitimate, non-discriminatory reason for the adverse action. *Hopkins v. Sam's W., Inc.*, 216 F. Supp. 3d 1322 (N.D. Ala. 2016). In this instance, the reason for reassignment was to grant the requested accommodation, not to deny it. Plaintiff-Appellant offers no evidence that the City's proffered reason for the reassignment, that it was granting the requested accommodation, is mere pretext and the real reason for the reassignment was to retaliate against him for requesting the accommodation in the first place.

Plaintiff-Appellant goes on to argue that conflicting testimony regarding who made the decision to reassign him to the jail was somehow pretextual, ignoring the District Court's point that it is immaterial to the elements of this claim. Appellant's Brief, Doc. 15, pp. 31-32; Doc. 30, pg. 18. There is no evidence in the record indicating that either of the potential decisionmakers had a retaliatory or discriminatory motive. Further, Plaintiff-Appellant's argument that because he was unable to exist in a bubble and had to interact with people at the jail does not equate to the City's proffered reason for the reassignment being mere pretext, it only equates to Mr. Adamson not liking the outcome. Appellant's Brief, Doc. 15, pp. 32-33. As analyzed in the above disability discrimination section, Mr. Adamson attempts to equate other possible desk duty reassignments, loss of prestige, and off-day assignments with pretext. Appellant's Brief, Doc. 15, pp. 33-35; also, s*ee*

*supra* Section I (a and b). For the sake of brevity, the City hereby incorporates by reference its arguments relating to pretext here for purposes of retaliation.

It does not make logical sense for Plaintiff-Appellant to argue, for purposes of a retaliation claim based on requesting accommodations, that he requested accommodations, was granted those accommodations, and then that the accommodations that were requested and granted are somehow the equivalent of an adverse employment action for purposes of retaliation. For this Court to find that this reasoning is correct, means that employers in similar circumstances would either have to deny the requested accommodations, and potentially run afoul of ADA's failure to accommodate provisions, or be liable for an ADA retaliation claim. This would create a lose-lose situation for the employer that is illogical and not supported by the language of the ADA or common sense. As such, both because he failed to establish the causation element of retaliation and because he failed to establish pretext, Plaintiff-Appellant's retaliation claim based on requesting reasonable accommodations must fail

As for a retaliation claim based on the filing of his EEOC Charge, the only potentially adverse employment action that occurred after he filed his Charge was receiving a Notice document that a disciplinary hearing was scheduled to occur. Doc. 29, pg. 17. But, ultimately, that disciplinary hearing never occurred and Mr. Adamson never received any "letter of counseling, reprimand, suspension,

20

termination, [or] demotion" because of the incident. Doc. 24-1 at 31. Plaintiff-Appellant made no argument regarding but-for causation and temporal proximity between the filing of his EEOC Charge and the Notice being served is too remote to sustain the causation element for a retaliation claim (i.e., nearly five months). Doc. 30, pg. 28; *Brown*, 597 F.3d at 1182.

Further, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co.*, 548 U.S. at 68. Receiving notice that discipline was possible, where no discipline ever resulted should dissuade a reasonable worker from making a charge of discrimination. This Circuit has indicated in unreported cases that workplace discipline and reprimands do not typically constitute adverse employment actions unless coupled with evidence that the alleged discipline impacted the plaintiff's salary, title, position, or job duties. *See, e.g.*, *Summerlin v. M&H Valve Co.*, 167 F. App'x 93, 97 (11th Cir. 2006) ("The reprimand of an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result.") and *Hill v. Branch Banking & Tr. Co.*, 264 F. Supp. 3d 1247, 1260 (N.D. Ala. 2017) (explaining that "negative evaluations are only adverse actions when a link can be shown between the review and an alteration of the terms of employment."). Accordingly, Mr. Adamson fails to

establish the causation element of a claim of retaliation based on his filing an

EEOC Charge; therefore, Plaintiff's claim of retaliation is also due to be dismissed.

## IV. PLAINTIFF-APPELLANT ABANDONED HIS TITLE VII AND/OR ADA HOSTILE WORK ENVIRONMENT CLAIM BY FAILING TO RAISE IT AT THE SUMMARY JUDGMENT STAGE.

Plaintiff-Appellant has waived the appeal of any claim based upon hostile

work environment because he first failed to raise it at the summary judgment stage

and the District Court deemed this claim as abandoned based on failure to argue

and brief it at the lower court level. Doc. 30, pp. 10-11. "To prevail on a particular

theory of liability, a party must present that argument to the district court." *Fils v.

City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). "[G]rounds alleged in the

complaint but not relied upon in summary judgment are deemed abandoned."

*Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Plaintiff-

Appellant has also failed to brief a hostile work environment claim in his appellant

brief. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir.

2004) (holding that the 11th Circuit has "repeatedly held that an issue not raised in

the district court and raised for the first time in an appeal will not be considered by

this court") and *Harris v. Marietta City Sch. Dist.*, 820 F. App'x 951 (11th Cir.

2020) (ADA and Title VII claims were deemed abandoned where the where the

plaintiff failed to set forth any substantive arguments or evidence supporting these

claims in his opening appellate brief). As such, a hostile work environment claim

should be deemed abandoned and the summary judgment in the Defendant-Appellant's favor should be affirmed.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, this Court should affirm the District Court's dismissal of this case, in favor of the Defendant-Appellee.

Dated:  July 19, 2024
        Birmingham, Alabama

Respectfully submitted,
*/s/ Samantha A. Chandler*
**OF COUNSEL**
**City of Birmingham**
**Office of the City Attorney**
*Counsel for Defendant-Appellee*
710 North 20th Street, Room 600
Birmingham, Alabama 35203
Telephone:   (205) 254-2369
Facsimile:   (205) 297-8120
Email:
samantha.chandler@birminghamal.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 6,491 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(f) and Eleventh Circuit Local Rule 32-4.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft in 14-point Times New Roman font.

Dated:  July 19, 2024
Birmingham, Alabama

*/s/ Samantha A. Chandler*
OF COUNSEL
*Counsel for Defendant-Appellee*

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Eleventh Circuit by using the

appellate CM/ECF system on July 19, 2024.

Scott T. Morro, Esq.
Morro Law Center, LLC
1501 Decatur Highway
P.O. Box 1644
Gardendale, AL 35071
morrolawcenter@bellsouth.net
T: (205) 631-6301
F: (205) 285-824
*Counsel for Plaintiff- Appellant*


Dated:  July 19, 2024
        Birmingham, Alabama

                                    */s/ Samantha A. Chandler*
                                    OF COUNSEL
                                    *Counsel for Defendant-Appellee*

25