Docket No. 24-11201-F

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

GINO ADAMSON

Appellant

v.

CITY OF BIRMINGHAM

Appellee

On Appeal from The United States District Court
for the Northern District of Alabama, Birmingham Division
Docket No. 2:21-cv-00902-AMM

REPLY BRIEF OF APPELLANT GINO ADAMSON

SCOTT T. MORRO, ESQ.
Alabama Bar No.: ASB-4954-c30M
MORRO LAW CENTER, LLC.
1501 Decatur Highway
PO Box 1644
Gardendale, AL 35071
morrolawcenter@bellsouth.net
T: (205) 631-6301
F: (205) 285-8241

*Attorney for Appellant /Plaintiff*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, I, the undersigned counsel of record for Appellant Gino Adamson, certify that Appellant is not publicly held, has no parent corporation, subsidiary, conglomerate, or affiliate, and no publicly held corporation owns 10% of more of its stock. I further certify that to the best of my knowledge the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal:

Samantha A. Chandler

City of Birmingham, Alabama

Gino Adamson

Hon. Anna M. Manasco

Scott Thomas Morro

Zachary Scott Morro

There are no publicly traded corporations that have an interest in the outcome of this case.

1

# **TABLE OF CONTENTS**

APPELLANT'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................1

TABLE OF CONTENTS ................................................................................2

ARGUMENT ..................................................................................................3

CERTIFICATION OF COMPLIANCE ..........................................................5

CERTIFICATE OF SERVICE ........................................................................5

## ARGUMENT

At the outset, the City's contention that Appellant's ADA request was not a request to wear a face shield while remaining in patrol is a tortured reading of Appellant's ADA request paperwork. The Appellant's ADA request states that Appellant was "asking to not be force into wearing a mask and to return to my job. Possible to wear a face shield." Doc. 24-1, p. 191. Appellant clearly meant, and his testimony confirmed, that his request was to return to his job – which was that of patrol officer (the job he held for the past 11 years). Certainly, Appellant would not have to spell out that he wished to remain in patrol while wearing the face shield, when the only job he ever held with the City was as a patrol officer. The City's contention that it wasn't until after his involuntary reassignment to the jail did Appellant make it known that his request was to remain in patrol is simply incorrect.

Further, the City's claim that Appellant agreed with and accepted the reassignment to the jail is not supported by the record. Appellee's Brief, Doc. 17 p. 12. Appellant testified that he did not consent or agree to the transfer to the jail and Adamson's ADA request was to wear a face shield while remaining on patrol. Doc. 24-1 at 40; 45; 113; 116. In fact, Appellant testified that the first time he was notified of being reassigned to the jail was when Appellant was given a direct order from Captain Theophilus Smith on June 2nd or 3rd. *Id.* at 40. Therefore, any argument that the City makes that relies on the assertion that Appellant agreed to be reassigned to

3

the jail should be disregarded. It is simply not found in the record that Appellant agreed to reassignment from patrol to the jail.

Additionally, the City's argument that it complied with the recommendation from Appellant's doctor is incorrect. Appellant's doctor recommended that Appellant possibly be allowed to work at a desk job where Appellant would be permitted to work without a mask. *Id*. at 188. The City attempts to conflate the term "desk job" with the Appellant's reassignment to the jail, however, the record shows that Appellant's duties at the jail went well beyond the duties of a desk job at the precinct. Appellant testified that desk duty jobs at the precinct involved "phone calls, you would do reports over the phone, you would deal with people through like a partition at the precinct. Like, you wouldn't have to interact with people, you wouldn't have to be physically involved with people." *Id.* at 51. The duties given to Appellant at the jail were vastly different from a desk duty job. Doc. 29-3.

Respectfully submitted,

*/s/ Scott Morro*
Scott Morro (ASB-4954-C30M)
Attorney for Appellant
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL  35071
(205) 631-6301 (office)
morrolawcenter@bellsouth.net

4

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing Appellant's Reply Brief is 453 words, exclusive of the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, and any certificates of counsel.

So certified on August 7, 2024.

>*/s/ Scott Morro*
>Scott Morro (ASB-4954-C30M)

## CERTIFICATE OF SERVICE

This is to certify that on August 7, 2024, I caused a copy of the foregoing Opening Brief of Plaintiff-Appellants to be deposited in the United States mail, First Class postage pre-paid, in an envelope addressed to the following persons:

Samantha A. Chandler
City of Birmingham
CITY ATTORNEY'S OFFICE
710 20th Street North
Birmingham, AL 35203
(205) 254-2369
samantha.chandler@birminghamal.gov

>*/s/ Scott Morro*
>Scott Morro (ASB-4954-C30M)